WARDLAW, Circuit Judge, concurring in part[1] and dissenting in part: Unlike my colleagues, I believe that — at the very least — it is clearly established that a law 'enforcement officer violates due process when he intervenes to settle a private property dispute by threatening to arrest one of the disputing parties. See Fuentes v. Shevin, 407 U.S. 67, 80-82, 91, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); Marcus v. McCollum, 394 F.3d 813, 824 (10th Cir. 2004); Abbott v. Latshaw, 164 F.3d 141, 147-49 (3d Cir. 1998). On this motion to dismiss, taking the allegations in the complaint as true and construing them in the light most favorable to the Burgans, Nixon and Rieger violated that clearly established right. Their actions were hot, as the majority suggests, a neutral preservation of the status quo. Indeed, the status quo was one in which Burgan had a prescriptive right to cross his neighbor’s land — as Nixon and Rieger should have been aware. The officials’ intervention deprived Burgan of that right, effectively ousting him from his easement for eighteen months. By taking it upon themselves to adjudicate Burgan’s property rights in their “curbside courtroom,” Abbott, 164 F.3d at 149, Nixon and Rieger violated Burgan’s clearly established due process rights. If the officials were worried about escalation and the potential for violence, other tools — besides a de facto adjudication of what they knew to be disputed property rights — were available to them. They could have warned or charged Burgan (or Brien) (or both) with disorderly conduct or intimidation. See Mont. Code Ann. §§ 45-8-101, 45-5-203. Had there been evidence of negligent endangerment through unsafe driving on the access road, that charge might have been appropriate. See Mont. Code Ann. § 45-5-208. And they could have instructed Brien to seek a declaratory judgment that his property was not encumbered by an easement.[2] What they could not do was take it upon themselves to -settle the dispute. See Abbott, 164 F.3d at 149 (“At the heart of Fuentes is the principle that it is not for law enforcement officers to decide who is entitled to possession of property.”); United States v. Miller, 659 F.2d 1029, 1033 (10th Cir. 1981) (finding a violation of procedural due process where the government adjudicated easement rights through a criminal trespass prosecution). In the end, a reasonable officer in Nixon and Rieger’s shoes — that is, in possession of notarized affidavits from multiple disinterested and knowledgeable third parties stating that Burgan held a prescriptive easement across Brien’s property — would have known that it was unlawful to charge Burgan with criminal trespass and threaten him with arrest for using that easement. I would affirm the district court’s denial of qualified immunity, at least with regard to the procedural due process claim. Therefore, I respectfully dissent. . I concur in the majority’s conclusion that the court lacks appellate jurisdiction over the Burgans’ state-law claims. . It is no wonder that Brien did not do so— that would have only hastened the state court's subsequent confirmation of Burgan’s easement.